1  STROOCK & STROOCK & LAVAN LLP
   ARJUN P. RAO (State Bar No. 265347)
2  DUSTIN A. LINDEN (State Bar No. 280524)
3  2029 Century Park East, 18th Floor
   Los Angeles, CA 90067-3086
4  Telephone:   310.556.5800
   Facsimile:   310.556.5959
5  Email:        *lacalendar@stroock.com*

6  Attorneys for Defendant
7    JPMORGAN CHASE BANK, N.A.,
     erroneously sued as "JPMORGAN CHASE BANK, a
8    United States corporation"

9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12

13  NATIONAL TITLE INSURANCE OF      )  Case No. 21-cv-1109
    NEW YORK, INC., a New York       )
14  corporation,                     )  **NOTICE OF REMOVAL OF**
                                      )  **DEFENDANT JPMORGAN CHASE**
15            Plaintiffs,            )  **BANK, N.A.**
                                      )
16       v.                          )
                                      )
17  JPMORGAN CHASE BANK, a United    )
18  States corporation; and DOES 1-50 )
    inclusive,                       )
19                                    )
20            Defendants.            )
                                      )

21

22

23

24

25

26

27

28

LA 52531937

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2    **RECORD:**

3    **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441

4    and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase"), erroneously sued as

5    "JPMorgan Chase Bank, a United States corporation," hereby removes the action

6    entitled National Title Insurance of New York, Inc. v. JPMorgan Chase Bank, et al.,

7    Case No. 21STCV02836, in the Superior Court of the State of California, County of

8    Los Angeles (the "Action"), to the United States District Court for the Central

9    District of California.

10    1.    Removal Is Timely.  Pursuant to California Code of Civil Procedure

11    § 415.30(c), the Complaint in the Action was filed on January 25, 2021 and served

12    on Chase on January 26, 2021.  See Lee v. City of Beaumont, 12 F.3d 933, 936-37

13    (9th Cir. 1993) ("The issue of sufficiency of service of process prior to removal is

14    strictly a state law issue[.]") (citing Anderson v. Allstate Ins. Co., 630 F.2d 677, 682

15    (9th Cir. 1980)) (overruled on other grounds); see also Student A. By and Through

16    Mother of Student A. v. Metcho, 710 F. Supp. 267, 268 (N.D. Cal. 1989) (state law

17    determines when service is made for purposes of removal).  Pursuant to 28 U.S.C. §

18    1446(b), Chase has timely filed this Notice of Removal within thirty days of service

19    of the Complaint and it is not more than one year from the initial filing of the Action.

20    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings,

21    and orders served upon Chase in the Action are attached hereto as **Exhibits A–C**.[1]

22    2.    This Court Has Removal Jurisdiction Over The Action.

23    a.    Diversity Jurisdiction.  This Court has original jurisdiction over

24    the Action pursuant to 28 U.S.C. § 1332(a) and the Action is removable to this Court

25    by Chase pursuant to 28 U.S.C. § 1441(b).  The Action is a civil action between

26    _____
[1] **Exhibit A** contains the summons, Complaint, and related documents in the Action.
27    **Exhibit B** contains plaintiff National Title Insurance of New York, Inc.'s
("Plaintiff") ex parte application for a temporary restraining order and order to show
cause regarding preliminary injunction, and related filings and orders, filed in the
28    Action.  **Exhibit C** contains various proofs of service filed by Plaintiff in the Action.

1

LA 52531937

citizens of this State and a citizen of a foreign State, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a)(2) ("[D]istrict courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of a State and citizens or subjects of a foreign state.").

i.      Complete Diversity of Citizenship Exists.

1.      In the Complaint, plaintiff National Title Insurance of New York, Inc. ("Plaintiff") alleges that, at all times mentioned therein, it was a citizen of New York, California, or both.  For example, Plaintiff alleges that it "is a New York Corporation, authorized to conduct business in the State of California." (Compl. ¶ 1.)

2.      For purposes of analyzing diversity jurisdiction, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its "principal place of business."  28 U.S.C. § 1332(c)(1); see Yancoskie v. Del. River Port Auth., 528 F.2d 722, 727 n.17 (3d Cir. 1975) ("[A] multi-state corporation is deemed a citizen of every state in which it has been incorporated."). However, a national banking association, like Chase, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006); see also Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 708 (9th Cir. 2014) (holding that a national bank is a citizen only of the state in which its main office is located as designated in the bank's articles of association); 28 U.S.C. § 1348 (stating that a national bank is a citizen of the state in which it is "located").  Here, Chase is a national banking association with its main office, as set forth in its articles of association, in Columbus, Ohio.  See JPMorgan Chase Bank, National Association, Articles of Association, EDGAR ONLINE, at http://www.secinfo.com/d14D5a.vQcp.d.htm#1stPage ("The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio."); Hope v. U.S. Bank NA, No. 12-CV-00297-PHX-FJM, 2012 WL 1292464, at *1 (D.

2

LA 52531937

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1    Ariz. Apr. 16, 2012) (Chase's main office is located in the State of Ohio).  As such,

2    Chase is a citizen of Ohio.

3                                    3.       Accordingly, complete diversity of citizenship exists

4    between Plaintiff – a citizen of New York, California, or both – and Chase – a citizen

5    of Ohio.

6                                    ii.      The Amount In Controversy Is Satisfied.  Chase denies any

7    liability whatsoever.  However, by the allegations of the Complaint, the matter in

8    controversy exceeds the $75,000 threshold.  See 28 U.S.C. § 1446(c)(2) ("[T]he sum

9    demanded in good faith in the initial pleading shall be deemed to be the amount in

10   controversy"); Crum v. Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000)

11   ("Generally, the amount in controversy is determined from the face of the

12   pleadings.").  Here, in the Complaint, Plaintiffs alleges that it "processed a wire

13   transfer of $700,313.06 from its account to [a] fraudulent Chase account," that

14   "Chase received the funds from Plaintiff due to a fraud perpetrated by the

15   Fraudsters," and that the "funds sent to Chase . . . should be returned" to Plaintiff.

16   (Compl. ¶ 13.)  Plaintiff thus prays for a "judicial determination . . . that Chase is

17   wrongfully and without authorization holding money that belongs to Plaintiff and

18   that has been taken from Plaintiff through fraud" and "Plaintiff desires a judicial

19   determination that Chase is obligated to return the money to Plaintiff."  (Id. ¶ 17.)

20   Accordingly, the amount in controversy satisfies the $75,000 threshold.

21                                   iii.     No "Local" Defendant Has Been Served.  Pursuant to 28

22   U.S.C. § 1441(b)(2), an action "may not be removed if any of the parties in interest

23   properly joined and served as defendants is a citizen of the State in which such action

24   is brought."  Here, Chase is the sole defendant and therefore no "local" defendant has

25   been served in the Action.  Accordingly, removal is appropriate.

26          3.      Consent Is Not Necessary Because No Other Defendants Are Named.

27   Chase is the only named defendant in the Action, and is not aware of any other

28   defendants that have been named in, or served with, the Complaint.  Accordingly,

3

LA 52531937

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  consent of removal is not necessary and removal is proper pursuant to 28 U.S.C. §

2  1446(b).

3      4.   Venue Is Proper In This Court.  This Court is the proper district court

4  for removal because the Superior Court of the State of California for the County of

5  Los Angeles is located within the United States District Court for the Central District

6  of California.  See 28 U.S.C. § 1441(a).

7      5.   Notice Will Be Effected.  Pursuant to 28 U.S.C. § 1446(d), this Notice

8  of Removal shall be given to adverse parties and a duplicate copy of this Notice of

9  Removal, without exhibits, shall be filed in the Action.

10

11  Dated: February 8, 2021         Respectfully submitted,

12                    STROOCK & STROOCK & LAVAN LLP
                     ARJUN P. RAO
13                    DUSTIN A. LINDEN

14

15               By:    /s/ Arjun P. Rao
                          Arjun P. Rao

16

17               Attorneys for Defendant
                     JPMORGAN CHASE BANK, N.A.,
18                   erroneously sued as "JPMORGAN
                     CHASE BANK, a United States
19                   corporation"

20
21
22
23
24
25
26
27
28

4

NOTICE OF REMOVAL
Case No. 21-cv-1109

LA 52531937

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

4

5

6

7

8

    I hereby certify that on February 8, 2021 a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

9

10

11

12

                                               */s/ Arjun P. Rao*
                                                 Arjun P. Rao

13

14

15

16

17

**<u>VIA U.S. MAIL</u>**:
Eric P. Early, Esq.
Christopher Ritter, Esq.
Saam Takaloo, Esq.
EARLY SULLIVAN WRITE GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048

18

19

*Attorneys for Plaintiff National*
*Title Insurance of New York, Inc.*

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

5

LA 52531937